UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LESLEN OXFORD,<br><br>                        Plaintiff(s),<br><br>           v.<br><br>MAS MIFBAH UDDIN, et al.,<br><br>                        Defendant(s). | 23 Civ. 4054 (DEH)<br><br>**ORDER** |

DALE E. HO, United States District Judge:

      On December 4, 2023, Plaintiff filed a letter seeking, among other things, an order directing Defendants to produce a retainer agreement with Cohen, Weiss and Simon ("CWS") in unredacted form. *See* Dkt. No. 43. Defendants object to production of this agreement on grounds of relevance and privilege. *See* Dkt. No. 45. On December 12, 2023, Defendants filed a letter seeking an order compelling Plaintiff to produce documents relating to any income Plaintiff received from March 2022 to present and to answer an interrogatory and produce documents relevant to any other vaccines or prescription drugs Plaintiff has taken since her eighteenth birthday. *See* Dkt. No. 47. Plaintiff objects to these requests on grounds of relevance. *See* Dkt. No. 50. On December 20, 2023, Defendants produced the retainer agreement for in camera review.

      It is hereby **ORDERED** that Plaintiff's request for production of the retainer agreement in unredacted form is **GRANTED**. The retainer agreement is not privileged, because Defendants identify no special circumstances that cause their agreement with CWS to fall outside the general rule that retainer agreements are not privileged. *See Vingelli v. U.S. Drug Enf't Agency*, 992 F.2d 449, 452 (2d Cir. 1993) ("[I]n the absence of special circumstances[,] client identity and fee arrangements do not fall within the attorney-client privilege because they

are not the kinds of disclosures that would not have been made absent the privilege and their disclosure does not incapacitate the attorney from rendering legal advice."); *accord Doe v. Sarah Lawrence Coll.*, No. 19 Civ. 10028, 2021 WL 197132, at *7 (S.D.N.Y. Jan. 20, 2021) (same). The retainer agreement is relevant because "relevance for purposes of discovery . . . is an extremely broad concept." *Europe v. Equinox Holdings, Inc.*, 592 F. Supp. 3d 167, 176 (S.D.N.Y. Mar. 21, 2022). The amount of CWS's fees and structure of the relationship between Defendants and CWS is relevant to Plaintiff's claims insofar as it may suggest a rushed or careful process, the relative importance Defendants placed on conducting the religious exemption interviews at issue, the nature of any delegation of authority, etc.

It is further **ORDERED** that Defendants' request for discovery related to Plaintiff's other income and medical history is **GRANTED**. This information is central to the issue of damages and the sincerity of Plaintiff's religious belief. Plaintiff states that "Plaintiff has produced the relevant documents" and that "Plaintiff has no problem disclosing that the business records disclosed pertain to a business in which she is a co-owner." Dkt. No. 50. Under the "extremely broad concept" of relevance, *Europe*, 592 F. Supp. 3d at 176, Defendant may seek discovery (in the form of interrogatories, requests for production of documents, and depositions, as necessary) into the payments made to Plaintiff, the nature of Plaintiff's relationship with this business, and other information related to Plaintiff's mitigation or lack of mitigation of her damages. Similarly, Plaintiff's argument that "there is simply no need to delve into the Plaintiff's medical history," Dkt. No. 50, ignores that information regarding other vaccinations or prescription drugs Plaintiff has taken is relevant to the sincerity of her stated religious objection to the vaccine at issue in this case, and is therefore discoverable.

An order issued November 30, 2023, granted a request for an extension of the deadline to complete fact discovery, in part to allow the Court to resolve the parties' discovery disputes. *See*

Dkt. No. 41.  In light of this extension, the parties shall meet and confer promptly to complete any document discovery granted by this order prior to the remainder of the depositions in this case.  The parties are apprised that further extensions will not be granted absent compelling circumstances.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 47.

SO ORDERED.

Dated: December 20, 2023
New York, New York

_____
DALE E. HO
United States District Judge