

# STEVEN B. KAUFMAN
Attorney at Law
225 Broadway
Suite 1510
New York, NY 10007

_____

Phone 212 564-9633
Fax    212 564-9639
kaufmanesq@aol.com

February 14, 2024

To:     Hon. Dale E. Ho     (by ECF)
         United States District Court
         40 Foley Square
         New York, NY 10007

Re:     <u>Oxford v. DC-37, Case No. 1:23-cv-04054-DEH</u>

Dear Judge Ho:

       This office represents the Plaintiff in the above-referenced matter. Pursuant to Your Honor's individual practices I am writing to raise a discovery dispute which has arisen. The attorneys orally conferred regarding these issues on January 26, 2024 late in the afternoon and agreed that a further written response would be provided in response to my email of January 18, 2024 regarding defendants' production of documents. By email of January 30, 2024 defendants provided a further response. See Exhibit 1 for both emails. On February 2, 2024 defendants produced a fourth supplemental production. Most of the items sought for discovery in the email of January 18, 2024 have not been produced and defendants have reiterated their objections and we are currently at an impasse.

       By way of background, this is an employment matter brought by my client, Leslen Oxford, against her employer, a union benefit organization and the associated union entities. My client alleges that she was unlawfully denied an exemption from the Defendants' vaccine requirements. My client was denied the exemption as a result of an interview she had with an outside law firm which was explicitly hired by the Defendants for that purpose. Significantly, the defendants' documents show that the same procedures and policies were followed by both defendants in evaluating requests for religious accommodation under the New York City vaccine mandate. More specifically, the submission by defendants outside counsel in a memorandum to defendants evaluating the applications for religious accomodations stated in part as follows: "This memorandum provides recommendations to District Council 37 and District Council 37 benefit funds regarding employee's requests for accommodations from the December 13, 2021 Order of

Steven B. Kaufman
Hon. Dale E. Ho
February 14, 2024
Page 2

the Commissioner of Health and Mental Hygiene to require COVID-19 Vaccination in the Workplace (the "Vaccine Mandate")."
PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES FROM DEFENDANTS

Plaintiff moves the Court to compel Defendants to respond to Document Requests 13, 14, 31, 36 and 37 which seek critical evidence, Plaintiff respectfully moves the Court to compel Defendants to reply without further delay.

**13.** All applications relating to employees' requests for vaccine exemption received by the employer from January 2020 to present.

While defendant did provide a further response on February 2, 2024 that was partially responsive to Request for Production number 13 it provided no applications and accompanying documentation for appeals filed on behalf of those applicants.

**14**. All documents related to the Employer evaluation, acceptance, or rejection of all employees' requests for exemption from vaccine requirements.

Although defendant has previously produced certain documents responsive to this demand for the defendant Health and Security plan it continues to assert that as DC37 has not waived their attorney-client privilege it will not produce the evaluations, presumably created by Mr. Assad following the same evaluative procedures and the same internal appeal process. This human resources like function delegated to an attorney should not be the basis for an attorney-client privilege. Moreover, nearly the same privilege which has already been waived by the co-defendant should not arbitrarily be asserted for this defendant. These evaluations are vital to the plaintiff's case and should be produced.

**31**. All job postings by DC 37, DC 37 Health and Security Plan, Human Resources, and Annuity Health and Pension Services Unit.

Defendants have limited their production to DC 37 Health and Security plan. This demand is for all defendants. It is relevant to plaintiff's case regarding vaccine requirements.

**36**. All documents related to the General Release and agreement sent to other employees.

Steven B. Kaufman
Hon. Dale E. Ho
February 14, 2024
Page 3

      Defendants assert that this was only supplied to plaintiff. Yet their response only refers to releases sent to DC Health and Security Plan employees. They should be compelled to answer for all defendants.

      **37.** All documents related to the General Release and agreement signed by individuals and returned to DC 37.

      Defendants assert that this was only supplied to plaintiff. Yet their response only refers to releases sent to DC Health and Security Plan employees. They should be compelled to answer for all defendants.

                                  Respectfully yours,

                                  *Steven B. Kaufman*
                                  Steven B. Kaufman

Application **DENIED**. Regarding RFP 13, Defendants' letter of February 20, 2024, *see* ECF No. 59, represents that they have or will produce all applications for religious-based exemptions and documents related to appeals of those exemption requests. Regarding RFP 14, Defendants' letter represents that they will produce an unredacted memorandum that will resolve the sole remaining issue in dispute for this document request. Plaintiff's requests with respect to RFP 13 and 14 are therefore moot. Regarding RFPs 31, 36, and 37, Plaintiff's letter states only that materials from DC 37 are relevant to plaintiff's case or that DC 37 should be compelled to produce responsive documents. Defendants state that DC 37 did not employ Plaintiff and Plaintiff was not covered by DC 37's policies. On this record, Plaintiff has not established the relevance of DC 37 materials. The parties may meet and confer regarding any good-faith basis Plaintiff has for asserting a joint employer or other relationship between DC 37 and the DC Health and Security Plan that would make DC 37's policies and practices relevant to Plaintiff's claims. So Ordered.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 57.

Dale E. Ho
United States District Judge
Dated: February 21, 2024
New York, New York